Scott E. Davis
State Bar No. 016160
SCOTT E. DAVIS, P.C.
20827 North Cave Creek Road, Suite 101
Phoenix, AZ 85024

Telephone: (602) 482-4300
Facsimile: (602) 569-9720
email: davis@scottdavispc.com

*Attorney for Plaintiff Anjanette Sliskovic*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Anjanette Sliskovic,<br><br>          Plaintiff,<br><br>     v.<br><br>United of Omaha Life Insurance Company,<br>Monterrey Tile Company, Inc., Monterrey<br>Tile Company, Inc. Employee Disability<br>Plan,<br><br>          Defendants. | Case No.<br><br>**COMPLAINT** |

Now comes the Plaintiff Anjanette Sliskovic (hereinafter referred to as "Plaintiff"), by and through her attorney, Scott E. Davis, and complaining against the Defendants, she states:

### *Jurisdiction*

1.     Jurisdiction of the Court is based upon the Employee Retirement Income - Security Act of 1974 (ERISA); and in particular, 29 U.S.C. §§1132(e)(1) and 1132(f). Those provisions give the district courts jurisdiction to hear civil actions brought to recover employee benefits. In addition, this action may be brought before this Court pursuant to 28

U.S.C. §1331, which gives the Court jurisdiction over actions that arise under the laws of the United States.

### Parties

2.  Plaintiff is a resident of Maricopa County, Arizona.

3.  Upon information and belief, Defendant Monterrey Tile Company, Inc. (hereinafter referred to as the "Company") sponsored, subscribed to and administered a group disability insurance policy which was fully insured and administered by United of Omaha Life Insurance Company (hereinafter referred to as "United of Omaha"). The specific United of Omaha policy is known as group policy GLTD 1411. The Company's purpose in purchasing the United of Omaha policy was to provide disability insurance for its employees. Upon information and belief, the United of Omaha policy may have been included in and part of the Monterrey Tile Company, Inc. Employee Disability Plan (hereinafter referred to as the "Plan") which may have been created to provide Company's employees with welfare benefits. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1).

4.  Upon information and belief, the Company or Plan may have delegated responsibility for the plan and/or claim administration of the policy to United of Omaha. Plaintiff believes that as it relates to her claim, United of Omaha functioned in a fiduciary capacity as the Plan and/or Claim Administrator.

5.  Upon information and belief, Plaintiff believes United of Omaha operated under a conflict of interest in evaluating her claim due to the fact it operated in dual roles as the decision maker with regard to whether Plaintiff was disabled as well as the payor of benefits; *to wit,* United of Omaha's conflict existed in that if it found Plaintiff was disabled it was also liable for payment of those benefits.

6.     The Company, Plan and United of Omaha conduct business within Maricopa County and all events giving rise to this Complaint occurred within Maricopa County.

### *Venue*

7.     Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391.

### *Nature of the Complaint*

8.     Incident to her employment, Plaintiff was a covered employee pursuant to the Plan and the relevant policy and a "participant" as defined by 29 U.S.C. §1002(7). Plaintiff seeks disability income benefits from the Plan and the relevant policy pursuant to §502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B) as well as any other employee benefits she may be entitled to as a result of being found disabled.

9.     After working for the Company as a loyal employee, Plaintiff became disabled due to serious medical conditions and was unable to work in her designated occupation.  Plaintiff has remained disabled as that term is defined in the relevant policy continuously since becoming disabled and has not been able to return to any occupation as a result of her serious medical conditions.

10.     Following her disability, Plaintiff applied for and received short term disability for the maximum period provided under the relevant short term disability group policy, GUC 1411.

11.     Plaintiff thereafter applied for long term disability benefits under the relevant United of Omaha policy.

12.     The relevant long term disability policy provides the following definition of a covered disability which applies to Plaintiff's claim:

> Disability and Disabled means that because of an Injury or Sickness, a significant change in Your mental or physical functional capacity has occurred in which You are:

3

· prevented from performing at least one of the Material Duties of Your Regular Occupation on a part-time or full-time basis; and

· unable to generate Current Earnings which exceed 80% of Your Basic Monthly Earnings due to that same Injury or Sickness.

After a Monthly Benefit has been paid for 2 years, Disability and Disabled mean You are unable to perform all of the Material Duties of any Gainful Occupation.

13.     The relevant long term disability policy also contains a provision limiting benefits for certain illness(es) to twenty-four (24) months.

14.     In support of her claim for long term disability benefits, Plaintiff submitted medical records to United of Omaha from her treating physicians which supported her allegation she met the definition of disability under the relevant policy.

15.     Upon information and belief, in a letter dated April 2, 2008, United of Omaha notified Plaintiff it had denied her claim for long term disability benefits. United of Omaha's April 2, 2008 denial letter confirms it failed to provide a full and fair review pursuant to ERISA because it completely failed to reference, consider, and/or selectively reviewed and de-emphasized most, if not all Plaintiff's evidence.

16.     Pursuant to 29 U.S.C. §1133, Plaintiff timely appealed the April 2, 2008 denial of her claim for long term disability benefits.  In support of her appeal, Plaintiff submitted additional medical information which demonstrated she was unable to engage in any occupation as set forth in the relevant United of Omaha long term disability policy.

17.     On appeal, Plaintiff submitted a June 16, 2008 narrative letter from one of her treating physicians stating she was "unable to work full time" because of her serious medical conditions, including a medical condition not limited to the twenty-four (24) month limitation provision of the relevant disability policy.

18.     In a letter dated September 26, 2008, United of Omaha notified Plaintiff it had approved her long term disability benefits through October 5, 2008.

19.    In a letter dated November 26, 2008, United of Omaha notified Plaintiff it has approved her long term disability benefits through December 5, 2008.  United of Omaha thereafter continued to extend Plaintiff's long term disability benefits.

20.    In a letter dated August 27, 2009, United of Omaha notified Plaintiff it had approved her claim for long term disability benefits under the relevant policy's twenty-four (24) month limitation provision, despite the medical documentation provided to United of Omaha which demonstrated Plaintiff met the definition of disability due to conditions that were not subject to the twenty-four (24) month limitation provision.  United of Omaha's letter informed Plaintiff her long term disability benefits would terminate on January 25, 2010, the end of the twenty-four (24) month payment period.

21.    United of Omaha's decision denied Plaintiff of a lawful, full and fair review of her claim for long term disability benefits pursuant to ERISA for various reasons including but not limited to, failing to properly apply the terms of the policy, failing to consider all evidence submitted by Plaintiff or de-emphasizing the medical evidence supporting Plaintiff's disability, disregarding Plaintiff's self-reported symptoms, failing to consider all the limitations set forth in her medical evidence, failing to obtain a peer review evaluation from a disinterested, qualified physician, failing  to evaluate the combination of all of Plaintiff's serious medical conditions and failing to request for Plaintiff to undergo an independent medical examination.

22.    Plaintiff believes she has exhausted her administrative appeals because Defendants did not provide her with an opportunity to appeal the adverse determination on her claim which as referenced herein, violates ERISA, specifically 29 U.S.C. § 1133 .

23.     In evaluating Plaintiff's claim on appeal, United of Omaha had an obligation pursuant to ERISA to administer Plaintiff's claim "solely in her best interests and other participants" which it failed to do.[1]

24.     Plaintiff believes the reason United of Omaha provided an unlawful review which was neither full nor fair and that violated ERISA, specifically, 29 U.S.C. § 2560.503-1, is due to its conflict of interest and this conflict is a reason her disability claim was denied.

25.     Plaintiff is entitled to discovery regarding the aforementioned conflicts of interest of United of Omaha and any individual who reviewed her claim and the Court may properly weigh and consider evidence regarding the nature, extent and effect of *any* conflict of interest which may have impacted or influenced United of Omaha's decision to terminate her benefits or to apply a policy limitation to her claim.

26.     With regard to whether Plaintiff meets the definition of disability set forth in the policy, the Court should review the evidence in Plaintiff's claim *de novo* because the unlawful violations of ERISA committed by United of Omaha as referenced herein are flagrant.  Plaintiff alleges, upon information and belief, that Defendants' ERISA violations, in part, of 29 U.S.C. § 1133 includes, but are not limited to not providing an opportunity for Plaintiff to appeal what is clearly an adverse determination in her  claim; not administering Plaintiff's claim consistent with other beneficiaries who are similarly situated; improperly creating a limitation on Plaintiff's benefits when it is ambiguous whether a policy limitation

---

[1] ERISA sets a special standard of care upon a plan administrator, namely, that the administrator "discharge [its] duties" in respect to discretionary claims processing "solely in the interests of the participants and beneficiaries" of the plan.  *See* 29 U.S.C. § 1104(a)(1). ERISA simultaneously underscores the particular importance of accurate claims processing by insisting that administrators "provide a 'full and fair review' of claim denials." *See Firestone*, 489 U.S. at 113, 109 S. Ct. 948, 103 L. Ed. 2d 80 (quoting 29 U.S.C. § 1133(2)).   ERISA also supplements marketplace and regulatory controls with judicial review of individual claim denials. *See* 29 U.S.C. § 1132(a)(1)(B); and, *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2350 (2008).

exists and whether any of her medical conditions were subject to a policy limitation; not engaging Plaintiff in a dialogue to allow an opportunity for her to present evidence either during review or on appeal that her disabling medical conditions were not subject to the limitation as alleged by United of Omaha.

27.     As a direct result of United of Omaha's decision to deny Plaintiff's disability claim she has been injured and suffered damages in the form of lost disability benefits in addition to other potential employee benefits she may have been entitled to receive through or from the Plan and/or Company as a result of being found disabled.

28.     Pursuant to 29 U.S.C. §1132, Plaintiff is entitled to recover unpaid benefits, prejudgment interest, reasonable attorney's fees and costs from Defendants.

29.     Plaintiff is entitled to prejudgment interest at the rate of 10% per annum pursuant to A.R.S. §20-462, or at such other rate as is appropriate to compensate her for losses she incurred as a result of Defendants' nonpayment of benefits.

WHEREFORE, Plaintiff prays for judgment as follows:

A.     For an Order requiring Defendants to pay Plaintiff disability benefits as a result of her being found disabled pursuant to any definition of disability in the relevant policy from the date she was first denied these benefits through the date of judgment and prejudgment interest thereon as well as any other employee benefits she may be entitled to from the Plan and/or Company as a result of being found disabled;

B.     For an Order that Plaintiff's disabling medical condition(s) are not subject to a policy limitation on the payment of benefits;

C.     For an order directing Defendants to continue paying Plaintiff the aforementioned benefits until such time as she meets the Plan or policy conditions for termination of benefits;

1     D.     For attorney's fees and costs incurred as a result of prosecuting this suit

2   pursuant to 29 U.S.C. §1132(g); and

3     E.     For such other and further relief as the Court deems just and proper.

DATED this 2nd of July, 2010.

SCOTT E. DAVIS. P.C.


By:___/s/ Scott E. Davis_____
        Scott E. Davis
        Attorney for Plaintiff